E-FILED
Tuesday, 15 July, 2008  02:20:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Moses Trejo, | ) | |
|              Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-4034 |
| | ) | |
| Alter Scrap Metal Inc., and Alter Trading | ) | |
| Corporation d/b/a Alter Metal Recycling, | ) | |
|              Defendants | ) | |

**ORDER**

By Order dated June 30, Plaintiff was directed to file a brief regarding the choice of the Central District of Illinois as the venue for this litigation. Plaintiff has now filed that brief. The following facts, which were set out in the previous Order, are alleged in the complaint. The Plaintiff, Moses Trejo, is the appointed guardian of the estate of a disabled person. Moses Trejo is a resident of Cook County, Illinois.

The disabled person, Alfonso Trejo, is alleged to be a "resident" and "citizen" of Illinois. It is not alleged in the complaint where in Illinois Alfonso Trejo resided at the time of the filing of this lawsuit. The events which form the basis for this lawsuit (and which allegedly resulted in Alfonso Trejo's injuries) occurred in Mississippi. Those injuries led to his initial hospitalization in Mississippi, and then his transfer to a rehabilitation facility in Cook County, Illinois. Alfonso Trejo's medical treatment was, according to the complaint, rendered in Illinois, but the complaint does not state where in Illinois, other than Cook County, his medical providers were located or the treatment rendered.

Both defendants are Iowa corporations. Both of the Defendant companies are alleged to do "significant" business in Illinois.

This Court questioned Plaintiff's selection of venue in the Central District of Illinois, pointing out that the defendants are Iowa corporations and that the underlying events occurred either in Mississippi or in Chicago. In Plaintiff's Brief, much of the argument and authority is focused on this Court's personal jurisdiction over the two Defendants. This is presumably[1] because, under §1391(c), a corporation is deemed to "reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." So a corporation that is subject to personal jurisdiction within this District would be deemed a resident of this District, making venue appropriate here under 1391(a)(1).

The venue statute goes on to provide that, in a state such as Illinois with more than one federal district, a corporation is deemed to reside in any district within the State "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Id. Hence, the focus here must be on this District and not on the State of Illinois as a whole. Plaintiff's suggestion that since all parties and treaters have contacts with Illinois, any District in Illinois will do, is clearly incorrect. It is the quality and quantity of defendants' contacts with the Central District - NOT with the entire State of Illinois - that must be examined.

Plaintiff greatly oversimplifies the issue, by referring to Illinois' personal jurisdictional doctrine of "doing business" and concluding that because the defendants conduct "significant" business within this District, they are "doing business" here. The doctrine of "doing business" is not that simple. There is a distinction between the "doing business" theory and the "transaction of business" theory under Illinois law. In order to "do business" in Illinois, a corporation must engage] in a continuous and

---

[1] Plaintiff does not explain the connection between venue and personal jurisdiction. Instead of citing and quoting from 28 U.S.C. 1391(a)(3), the Brief contains a citation to and quotation from 28 U.S.C. 1391(e), which deals with suits against officers, employees and agencies of the United States and therefore has no pertinence to this case at all. The Court presumes the Plaintiff intended to reference and quote subsection (a)(3), which is discussed in this Order.

systematic course of business in the State. Kadala v. Cunard Lines Ltd., 589 N.E.2d 802, 810 (Ill.App.1992). The "doing business" standard is quite high but once met, a corporation is considered a "resident" and may be sued on any cause of action, regardless of whether it arose out of the corporation's contacts with the venue. Haubner v. Abercrombie & Kent International, Inc., 812 N.E.2d 704, 711 (Ill.App.2004). This is known as general jurisdiction. Forrester v. Seven Seventeen HB St. Louis Redevelopment Corp., 784 N.E.2d 834 (Ill.App.2002). Alternatively, a corporation "transacts business" if it transacts any business within the venue and the cause of action arises from that transaction." Kadala, 589 N.E.2d at 810. Such jurisdiction is specific. See, e.g., Bombliss v. Cornelsen, 824 N.E.2d 1175 (Ill.App.2005) ("Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum").

Here, there appears from the face of the complaint to be little if any connection between the business conducted by Defendants within the boundaries of the Central District of Illinois and the events that led to Plaintiff's injuries and subsequent treatment. Nonetheless, the requisite analysis of personal jurisdiction cannot be performed at this time, due to the lack of factual information about the quality and quantity of the defendants' contacts with this District[2].

The case will be allowed to go forward. Once the Defendants have been served, the matter of venue may be revisited as the Court deems appropriate.

ENTERED ON July 15, 2008

                        s/ John A. Gorman

                    JOHN A. GORMAN
                    UNITED STATES MAGISTRATE JUDGE

---

[2]The Court declines Plaintiff's suggestion that it determine the "significance" of business conducted within this District simply by viewing a web site showing that defendants maintain two offices in this District.